UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANDRES GABINO ROSARIO,

                       Plaintiff,

   -against-

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.
------------------------------------------------------------X

**ORDER**

21 Civ. 03811 (JCM)

      Plaintiff Andres Gabino Rosario ("Plaintiff") commenced this action on April 29, 2021 pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner"), who denied Plaintiff's application for disability benefits. (Dkt. No. 1).  Plaintiff filed a motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, on March 11, 2022. (Dkt. Nos. 25-26).  Pursuant to a so-ordered stipulation between the parties, the Court remanded the case to the Commissioner on May 27, 2022 for further proceedings, in accordance with sentence four of 42 U.S.C. § 405(g). (Dkt. No. 31).  Presently before the Court is a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), brought by Plaintiff's counsel, Daniel Berger, Esq. ("Berger"), (Dkt. No. 33)("Motion"), accompanied by a memorandum in support, (Dkt. No. 35), and an attorney affidavit, (Dkt. No. 34).  The Commissioner filed an

opposition, (Dkt. No. 40)("Comm'r Opp'n), and Plaintiff replied, (Dkt. No. 41)("Pl. Reply").

For the reasons set forth below, Plaintiff's Motion is granted in part and denied in part.[1]

## I. BACKGROUND

Plaintiff filed an application for Social Security Disability benefits on April 4, 2019. (Dkt. No. 26 at 1). On August 28, 2020, an Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled and denied Plaintiff's application. (*Id*.). The Appeals Council denied Plaintiff's request for review of the ALJ's decision on March 5, 2021. (*Id*.). Berger represented Plaintiff, along with David Levine, at the administrative level. (*See* Dkt. No. 14 at 9, 38, 64, 116-17, 126; Comm'r Opp'n at 4; Pl. Reply at 4).

## II. DISCUSSION

### A. The EAJA

The EAJA provides in relevant part that:

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). To receive an award of attorney's fees under the EAJA, within thirty days of final judgment, a party must submit to the court an application for fees and other expenses which: (i) shows that the party is a prevailing party and is eligible to receive an award;[2] (ii) sets forth the amount sought, including an itemized statement of the actual time expended

---

[1] This action is before the Court for all purposes on the consent of the parties, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Dkt. No. 13).

[2] A party is eligible under the EAJA if his net worth did not exceed $2,000,000 at the time the civil action was filed. 28 U.S.C. § 2412(d)(2)(B)(i).

and the rate at which fees were computed; and (iii) alleges that the position of the United States was not substantially justified. *Id*. § 2412(d)(1)(B).  The Commissioner does not contest that the statutory requirements have been met or argue that an EAJA award would be unjust.  The Court therefore need only address the reasonableness of the requested award.

**B. Reasonableness of Award Requested**

The EAJA provides for an award of "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A).  Pursuant to the EAJA, a claimant must provide "an itemized statement ... stating the actual time expended and the rate at which fees and other expenses are computed." 28 U.S.C. § 2412(d)(1)(B).  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "In determining a reasonable number of hours, 'the fee applicant bears the burden of ... documenting the appropriate hours expended[.]'" *Banks v. Berryhill*, 10-CV-6462 (KMK)(JCM), 2017 WL 3917141, at *3 (S.D.N.Y. June 30, 2017)(quoting *Hensley*, 461 U.S. at 437), *report and recommendation adopted*, 2017 WL 3923676 (S.D.N.Y. Sept. 6, 2017).

Here, Plaintiff seeks an award of attorney's fees in the amount of $10,882.62, reflecting three hours of attorney work and .5 hours of paralegal work in 2021, and 45 hours of attorney work and .1 hours of paralegal work in 2022. (*See* Pl. Reply at 7, Dkt. No. 33-1).[3]  Specifically,

---

[3] Plaintiff originally sought $10,071.80 in his Motion, reflecting 44.3 hours of attorney work at the 2022 hourly rate of $226.00 and .6 hours of paralegal work at an hourly rate of $100.00. (Motion at 1).  On reply, Plaintiff conceded that the three hours of attorney work performed in 2021 should be calculated at the 2021 rate of $217.54. (Pl. Reply at 7).  However, counsel additionally requested EAJA fees for the 3.7 hours of attorney work performed in reviewing the Commissioner's opposition and drafting his reply—making the new requested total $10,882.62. (*Id*.). The time spent litigating an EAJA motion can be recovered. *See Patterson v. Comm'r of Soc. Sec*., 20-CV-4591 (SN), 2021 WL 4125013, at *2 (S.D.N.Y. Sept. 9, 2021); *Mercado v. Colvin*, 15-CV-2283 (JCF), 2016 WL 6271139, at *2 (S.D.N.Y. Oct. 26, 2016)(citation omitted). While Plaintiff's attorney states in his reply that "[t]he additional hours were contemporaneously recorded on November 7, 2022 and reasonably expended to provide this response," he did not attach such contemporaneous records.  This Circuit employs a "'hard-and-fast-rule' with only rare exceptions" under which "'contemporaneous time records are a pre-requisite for attorney's fees.'" *Patterson,*

Plaintiff calculates this amount as follows: (i) $217.54 per hour for 3.00 hours of attorney work in 2021; (ii) $226.00 per hour for 45 hours of attorney work in 2022; and (iii) $100.00 per hour for .6 hours of paralegal work.[4] (*Id*.).

### 1. Reasonable Hourly Rates

Courts retain "considerable discretion" in determining "a reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). Under the EAJA, a reasonable hourly rate must be based on "prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "Cost of living adjustments may be made for inflation and calculated according to the Consumer Price Index ('CPI') for each year in which services were performed." *Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666, 673 n.9 (S.D.N.Y. 2010)(citing *Ortiz v. Chater*, No. 95-CV-3126, 1997 WL 50217, at *5 (E.D.N.Y. Jan. 30, 1997)).

---

2021 WL 4125013, at *3 (quoting *Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011)(per curiam) and *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010)). Because Plaintiff's counsel "merely asserts [on reply] that the additional hours were contemporaneously recorded…and reasonably expended to provide th[e] response," but does not provide such records, the Court will not award EAJA fees for those additional hours. *See Patterson,* 2021 WL 4125013, at *3 (internal quotations omitted). In any event, the Court further notes that the arguments raised on reply and the authority raised therein appear to be substantively similar and, in some cases identical to, the arguments and authority raised by Berger in connection with other EAJA briefing and thus 3.7 hours seems unreasonable and duplicative. *See Cantos v. Saul*, 19-CV-4269 (GBD)(SDA), Pl. Resp. to Def. Opp'n to Pl.'s Mtn. for Atty. Fees Under the Equal Access to Justice Act (Dkt. No. 30).

[4] The Commissioner does not contest the proposed paralegal billing rate, which the Court finds "is reasonable and is consistent with hourly paralegal rates that have been approved by other courts in this District." *Garcia v. Comm'r of Soc. Sec.*, 20-CV-7201 (AEK), 2022 WL 1684280, at *2 (S.D.N.Y. May 26, 2022)(finding $100 paralegal hourly rate reasonable).

The Commissioner does not contest Plaintiff's requested hourly rates, and, upon review of the CPI,[5] the Court finds them to be reasonable. *See id.*[6]

## 2. Reasonable Number of Hours Expended Generally

The Commissioner argues that the total number of hours expended by Berger is unreasonable and excessive because: (1) Plaintiff's case was not unusually complex or voluminous, nor did it present novel issues of law; (2) Berger represented Plaintiff at the administrative level and should thus have had familiarity with the record; and (3) Berger is highly experienced in social security disability law. (Comm'r Opp'n at 4-6). The Commissioner also challenges the following specific entries on Berger's time sheet: (1) a total of .8 hours providing case updates to Plaintiff on 6/28/21, 10/14/21, 1/5/22 and 3/11/22 (billed in .2 increments each); (2) .3 hours informing Plaintiff the case had been remanded by joint stipulation on 5/27/22; and (3) .7 hours reviewing the case docket sheet and drafting letter extension requests. (*Id.* at 6-7). Berger replies that the amount of hours expended was reasonable in light of the length of the administrative record, the fact that he did not "exclusively" represent Plaintiff at the administrative level, and the nature of the claims raised in federal court. (Pl. Reply at 3-5). He also asserts that the length of the calls to Plaintiff and time spent drafting letters and reviewing court orders was reasonable. (*Id.* at 6).

---

[5] Although the Court has reviewed the CPI, "since the Government does not object to plaintiff's CPI calculations, the Court will not question or recreate the calculations." *Torres v. Barnhart*, No. 02-CV-9209 (AJP), 2007 WL 1810238, at *15 (S.D.N.Y. June 25, 2007).

[6] The Commissioner originally challenged Plaintiff's "blanket" application of the 2022 hourly rate of $226.00 to all work performed, including the three hours of work performed in 2021. (*See* Comm'r Opp'n at 8-9). On reply, Plaintiff concedes that the 2021 hourly rate should apply to those three hours. (Pl. Reply at 7). Because the EAJA rate is calculated based on the rate "for each year in which the legal work was performed," *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 194 (2d Cir. 2000), the 2021 rate of $217.54 applies to the work performed in that year.

In determining a reasonable number of hours, "the fee applicant bears the burden of, ... documenting the appropriate hours expended[.]" *Hensley*, 461 U.S. at 437.  However, the Court has "broad discretion" in determining the amount of time reasonably expended, and need not "scrutinize[ ] each action taken or the time spent on it[.]" *Aston v. Sec'y of Health & Human Servs*., 808 F.2d 9, 11 (2d Cir. 1986)(citation omitted).  Moreover, "[a]ttorneys are not entitled to fees under the EAJA for work that is unreasonable, redundant, excessive, or unnecessary." *Salvo*, 751 F. Supp. 2d at 674 (citing *Torres,* 2007 WL 1810238, at *14).  Courts in this Circuit often find that "twenty to forty hours is a reasonable amount of time to spend on routine Social Security cases[.]" *Id*.; *see also Sava v. Comm'r of Soc. Sec*., No. 06-CV-3386 (KMK)(PED), 2014 WL 129053, at *3 (S.D.N.Y. Jan. 10, 2014)(collecting cases).  While "[a]ttorney's fees in excess of the routine twenty to forty hours will be awarded where the facts of the specific case warrant such an award ... when a case does not raise any extraordinarily difficult or complex legal or factual issues, courts have determined that the hours spent litigating it should not have exceeded the guideline range." *Sava*, 2014 WL 129053, at *3 (citation and quotation marks omitted); *cf. Torres*, 2007 WL 1810238, at *15-16 (awarding compensation for approximately 64 hours of attorney work on a complex social security case).  In determining whether it was reasonable to expend more than forty hours, courts consider factors such as "the factual, substantive, and procedural complexity of the case," "the size of the administrative record," and "the efficacy of the attorney's efforts." *Molina o/b/o M.W.M. v. Berryhill*, 15-CV-8088 (JLC), 2017 WL 3437572, at *2 (S.D.N.Y. Aug. 11, 2017)(quoting *Stewart v. Comm'r of Soc. Sec*., No. 12-CV-3121 (AJN), 2014 WL 2998530, at *3 (S.D.N.Y. July 2, 2014)).  The Court considers each of these factors in turn.

First, the certified administrative record here was 1,232 pages.[7] (Dkt. No. 14). Courts have described records of similar length as "larger than average." *Patterson,* 2021 WL 4125013, at *2 ("[T]he more than 1,200-page administrative record in this case was larger than average."). However, Berger "does little to demonstrate the complexity of the issues involved in this case." *Barbour v. Colvin*, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014). The issues presented in Plaintiff's brief were: (1) a challenge to the ALJ's severe impairments determination; (2) a claim that the ALJ failed to properly evaluate medical opinion evidence; and (3) challenges to the ALJ's residual functional capacity determination. (*See* Dkt. No. 26). These arguments are commonly raised in social security proceedings. *See, e.g.*, *Urbancik v. Saul*, 19-CV-11735 (JLC), 2020 WL 6605256, at *3 (S.D.N.Y. Nov. 12, 2020)(legal challenges to severe impairment determination and RFC conclusion are "routinely presented in social security cases" and do not justify upward departure from standard 20-40 hour range). This factor thus weighs against an upward variance from the standard range of twenty to forty hours.

Second, while the Court notes that Berger has nearly three decades of experience in adjudicating social security claims, (Dkt. No. 34, ¶ 5), such experience does not alleviate him of the need to familiarize himself with the relevant materials. *See Rivera Hernandez v. Comm'r, Soc. Sec. Admin.*, 19-CV-04025 (PAE)(KHP), 2020 WL 2765866, at *3 (S.D.N.Y. May 28, 2020)("[W]hile experienced counsel might be more efficient, the Court recognizes that it nevertheless takes time to comb through medical records, some of which are hard to read, and to prepare a brief."). However, although Berger did not represent Plaintiff at his hearings before the ALJ, he was involved in Plaintiff's case at the administrative level, including by drafting a

---

[7] Counsel notes the record is 1,236 pages. (*See* Dkt. No. 33-1). The court transcript index indicates it is 1,232 pages. (*See* Dkt. No. 14). In any event, this minor discrepancy does not affect the Court's analysis.

substantive letter brief requesting reconsideration from the Appeals Council. (*See* R. 403-05; *see also* R. 117 (Berger listed as "primary representative"); R. 396-97 (Berger corresponding with ALJ regarding request for more time to submit medical records)). Thus, Berger would have had familiarity with Plaintiff's case, which courts have found "does not justify excessive hours." *See Banks*, 2017 WL 3917141, at *4; *see also Barbour*, 993 F. Supp. 2d at 291 (hours excessive where attorney submitted a letter to Appeals Council arguing for reversal and "assert[ing] many of the same arguments [] made before th[e] Court").

Third, this "case was remanded [by joint stipulation] after only the opening brief was filed, while the 20-to-40-hour range common in most social security cases involves more briefing." *Urbancik*, 2020 WL 6605256, at *4; *Greenidge v. Barnhart*, No. 04-CV-0379 (GLS)(RFT), 2005 WL 357318, at *4 (N.D.N.Y. Feb. 11, 2005)("[T]his case does not justify more than forty hours, especially when the issues were not complex and the remand was based on a stipulation agreement between the parties."). *Cf. Cantos v. Comm'r of Soc. Sec.*, 19-CV-4269 (GBD)(SDA), Report & Recommendation (Dkt. No. 31)(finding Berger's 46.6 hours of attorney work reasonable where Plaintiff and Commissioner each filed cross-motions of 25 or more pages, Plaintiff's opening brief raised six separate arguments, and Plaintiff filed a reply), *report and recommendation adopted,* 2022 WL 328606 (S.D.N.Y. Feb. 3, 2022).

In light of the above factors, on balance, the Court finds that Plaintiff has failed to demonstrate that all the hours expended were reasonable.

**3. The Specific Time Sheet Entries Contested By The Commissioner**

Turning to the time entries specifically challenged by the Commissioner, Berger requests reimbursement for four separate entries where he "called [his] client" for 12 minutes. (*See* Dkt. No. 33-1). On reply, Berger states these calls were to provide "updates on [Plaintiff's] case."

(Pl. Reply at 6).  The Court finds that Berger has failed to show that multiple phone calls for 12 minutes each to relay unspecified information about the status of the case is reasonable.  *See Sarro v. Astrue*, 725 F. Supp. 2d 364, 367 (E.D.N.Y. 2010)("The court is not convinced that it is reasonable for an attorney to bill 12 minutes of his time for making a call to this court to check the status of his case or for calling to relay that information to his client."); *see also Ortiz v. Comm'r of Soc. Sec.*, 20-CV-5715 (AJN)(SN), 2022 WL 2713571, at *2 (S.D.N.Y. July 13, 2022)(reducing Berger's fees for "unjustified status-update calls").  However, the Court does not find it unreasonable for Berger to spend 18 minutes of attorney time to inform Plaintiff that his case was remanded by joint stipulation of the parties, and explain to him "the procedure and future plans for his case following remand by the Court." (*See* Dkt. No. 33-1; Pl. Reply at 6).

The Commissioner also argues that the .7 hours billed for drafting, filing, and reviewing orders pertaining to Plaintiff's motions for extensions of time is excessive. (Comm'r Opp'n at 7). The Court agrees, in part.  While the Court does not find that .4 hours is unreasonable to draft and file four extension letters, Berger also requests .3 hours, or 18 minutes, for "review[ing] … [the] docket." (*See* Dkt. No. 33-1).  Berger notes he spent six minutes on three occasions reviewing the Court's orders pertaining to his requests for extensions of time to file his motion for judgment on the pleadings. (*See id.*).  Because these orders were each, at most, a few sentences in length and not complex, the Court finds such time unreasonable and excessive. *See Sarro*, 725 F. Supp. 2d at 367 ("12 minutes of attorney time for reading a one or two page court filing is not reasonable").

In sum, upon careful review of the record in this case and the factors analyzed above, the Court concludes that the total number of hours expended were excessive and that some reduction of the attorney's fees is required.  The Court need not "scrutinize[] each action taken or the time

spent on it," *Aston*, 808 F.2d at 11, but may instead apply a general "percentage cut[] as a practical means of trimming fat from a fee application," *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983). Here, a ten percent (10%) reduction in the total fee requested ($10,046.42)[8] is reasonable and appropriate in light of the considerations outlined above. *See, e.g., Sesa v. Colvin*, 13-CV-02670 (AT)(SN), 2016 WL 6775499 (S.D.N.Y. June 1, 2016), *report and recommendation adopted*, 2016 WL 6779527 (S.D.N.Y. Nov. 15, 2016)(reducing fee request of $11,662.87 for 62.21 hours of work by fifteen percent); *Conforti v. Berryhill*, 19-CV-2958 (JGK), 2021 WL 796494, at *3 (S.D.N.Y. March 2, 2021)(reducing fee request of $7,543.14 for 36.3 hours of work by twenty percent); *Coughlin v. Astrue*, No. 06-CV-0497 (NAM/GJD), 2009 WL 3165744, at *4 (N.D.N.Y. Sept. 28, 2009)(reducing fee request of $7,746.56 for 47 hours of work by twenty percent); *Urbancik*, 2020 WL 6605256, at *4 (reducing fee request of $15,225.84 by 37 percent).

**C. Method of Payment**

Plaintiff executed an affidavit assigning any entitlement to fees under the EAJA to his attorney on January 27, 2022. (Dkt. No. 34-1). The Acting Commissioner does not contest the direct payment of fees to Plaintiff's counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 597 (2010) (recognizing direct payment to counsel when the prevailing party "does not owe a debt to the government and assigns the right to receive the fees to the attorney"). Therefore, the fee award may be paid directly to Berger.

---

[8] The Court arrives at this total fee requested as follows: (1) three hours of attorney work in 2021 at $217.54 per hour; (2) 41.3 hours of attorney work in 2022 at $226.00 per hour; (3) .6 hours of paralegal work at $100 per hour. This total does not reflect the 3.7 hours requested in connection with Plaintiff's EAJA reply, which the Court has rejected because Plaintiff failed to include contemporaneous time records. *See supra* n.3.

## III.  CONCLUSION

        For the foregoing reasons, Plaintiff's motion for attorney's fees pursuant to the EAJA is granted in part and denied in part.  The Court awards attorney's fees in the amount of $9,041.78 payable to Plaintiff's attorney.

Dated:   December 14, 2022
           White Plains, New York

                                         **SO ORDERED:**

                                         _____
                                         JUDITH C. McCARTHY
                                         United States Magistrate Judge